**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| GARY D. PERKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 23-1086 (JLH) |
| | ) |
| LT. ROBERT HEISHMAN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Gary D. Perkins, James T. Vaughn Correctional Center, Smyrna, Delaware – *Pro Se* Plaintiff.

May 31, 2024
Wilmington, Delaware

HALL, U.S. DISTRICT JUDGE:

## I. INTRODUCTION

On October 2, 2023, Plaintiff Gary D. Perkins, an inmate confined at James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 3.) Plaintiff proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5.) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

## II. BACKGROUND

The following facts are taken from the Complaint and assumed to be true for screening purposes. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Plaintiff alleges that he was wrongly accused in an August 25, 2023 disciplinary report of possessing contraband. On an unspecified date, he was placed in the Solitary Housing Unit while under investigation. On the morning of August 28, 2023, Plaintiff requested to see his pre-hearing detention order form during his disciplinary hearing, given that he had been in the SHU for over twenty-four hours and DDOC policy required the warden to review the order within twenty-four hours, provide the offender with the reasons for his pre-hearing detention, and afford him the opportunity to respond to the charges and the pre-hearing detention order. Plaintiff's request was denied. Plaintiff also requested to see the test results of the alleged illegal substance, which he alleges the relevant policy entitled him to receive. This request was also denied. Plaintiff's requests for surveillance cameras to be checked were also refused, and he was told that JTVCC did not follow the relevant DDOC policy.

Plaintiff claims that the denial of these requests amounted to a violation of his Fourteenth Amendment procedural due process rights. For relief, he requests that the Court "help correct this

1

## IV. DISCUSSION

In *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), the Supreme Court held that prisoners must be accorded due process before prison authorities may deprive them of state created liberty interests. A prison disciplinary hearing satisfies the Due Process Clause if the inmate is provided with: (1) written notice of the charges and not less than 24 hours to marshal the facts and prepare a defense for an appearance at the disciplinary hearing; (2) a written statement by the fact finder as to the evidence relied on and the reasons for the disciplinary action; and (3) an opportunity "to call witnesses and present documentary evidence in his defense when to do so will not be unduly hazardous to institutional safety or correctional goals." *Id.* at 563-71; *Griffin v. Spratt*, 969 F.2d 16, 19-20 (3d Cir. 1992).

Although the Court accepts as true Plaintiff's allegations that he was deprived of aspects of these requirements, it is axiomatic that to be entitled to procedural due process protections as set forth in *Wolff*, a prisoner must be deprived of a liberty interest. *See Wolff*, 418 U.S. at 557-558. The Due Process Clause itself "confers no liberty interest in freedom from state action taken 'within the sentence imposed.'" *Sandin v. Conner*, 515 U.S. 472, 480 (1995) (quoting *Hewitt v. Helms*, 459 U.S. 460, 468 (1983)). State-created liberty interests protected by the Due Process Clause are generally limited to restraints on prisoners that impose an "'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997) (quoting *Sandin*, 515 U.S. at 484).

In deciding whether a protected liberty interest exists under *Sandin*, a federal court must consider the duration of the disciplinary confinement and the conditions of that confinement in relation to other prison conditions. *Mitchell v. Horn*, 318 F.3d 523, 532 (3d Cir. 2003) (citing

3

*Shoats v. Horn*, 213 F.3d 140, 144 (3d Cir. 2000)). The nature of the test is fact specific. *See Shoats*, 213 F.3d at 144 (eight years in administrative confinement, during which inmate was locked in his cell for all but two hours per week, denied contact with his family, and prohibited from visiting the library or "participating in any education, vocational, or other organization activities," implicated a protected liberty interest); *Smith v. Mensinger*, 293 F.3d 641, 645, 654 (3d Cir. 2002) (seven months in disciplinary confinement did not implicate a liberty interest); *Torres v. Fauver*, 292 F.3d 141, 151-52 (3d Cir. 2002) (disciplinary detention for fifteen days and administrative segregation for 120 days was not atypical treatment in New Jersey prisons and therefore did not implicate a protected liberty interest).

Here, Plaintiff has not elaborated on what consequence, if any, resulted from the August 2023 disciplinary report. To the extent that he is challenging pending charges, it is unclear if he means criminal charges being brought against him in federal or state court proceedings, or disciplinary charges. If the former, a § 1983 suit is not the appropriate vehicle to challenge any such charges; if the latter, and the charges are still pending, this suit is premature.

## V.   CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Plaintiff will be given leave to file an amended complaint.

An appropriate Order will be entered.