## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GARY PERKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-1086-JLH |
| | ) |
| LT. ROBERT HEISHMAN, et al., | ) |
| | ) |
| Defendants. | ) |

### REPORT AND RECOMMENDATION

Plaintiff Gary Perkins ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this civil action against Lt. Robert Heishman, Sgt. Kristin Burtell, Deputy Warden Johnathan Beck and unnamed correctional employees (collectively, "Defendants"). (D.I. 3) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) The Court proceeds to screen the operative First Amended Complaint ("FAC") pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a). For the reasons set forth below, the Court recommends that the FAC be dismissed in the manner set forth below.

### I.   BACKGROUND

In the FAC, Plaintiff alleges that he was subject to a disciplinary hearing on August 28, 2023, stemming from charges that he had engaged in possession of a controlled substance, promotion of prison contraband and abuse of privileges. (D.I. 15 at 5, 7) The infractions appear to relate to allegations that Plaintiff wrongfully possessed suboxone strips while in prison. (*Id*. at 5) Plaintiff asserts, *inter alia*, that during the disciplinary hearing, he requested that he be provided with a copy of test results relating to the suboxone strips, but that this request was denied (as was other requests for evidence that Plaintiff made). (*Id*. at 5-6) Plaintiff states that he was later found guilty of the disciplinary charges, but he claims that his disciplinary hearing

was fundamentally unfair, since he was not permitted to receive copies of the key evidence used against him (i.e., the test results). (*Id*. at 6-7) This, he alleges, violated his right to due process pursuant to the Fourteenth Amendment to the United States Constitution. (*Id*. at 7)

In his initial Complaint, which was filed on October 2, 2023, Plaintiff made many of the same allegations that he now puts forward in the FAC. (D.I. 3 at 6-7) On May 31, 2024, United States District Judge Jennifer L. Hall, to whom this case is assigned, issued a Memorandum Opinion dismissing the Complaint. (D.I. 13) The Complaint was dismissed without prejudice to Plaintiff's ability to file an amended complaint by July 30, 2024, via which Plaintiff could attempt to remedy the deficiencies noted in the Memorandum Opinion. (D.I. 14) In explaining the basis for the dismissal, the District Judge wrote:

> In *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), the Supreme Court held that prisoners must be accorded due process before prison authorities may deprive them of state created liberty interests. A prison disciplinary hearing satisfies the Due Process Clause if the inmate is provided with: (1) written notice of the charges and not less than 24 hours to marshal the facts and prepare a defense for an appearance at the disciplinary hearing; (2) a written statement by the fact finder as to the evidence relied on and the reasons for the disciplinary action; and (3) an opportunity "to call witnesses and present documentary evidence in his defense when to do so will not be unduly hazardous to institutional safety or correctional goals," *Id.* at 563-71; *Griffin v. Spratt*, 969 F.2d 16, 19-20 (3d Cir. 1992).
>
> Although the Court accepts as true Plaintiff's allegations that he was deprived of aspects of these requirements, it is axiomatic that to be entitled to procedural due process protections as set forth in *Wolff*, a prisoner must be deprived of a liberty interest. *See Wolff*, 418 U.S. at 557-558. The Due Process Clause itself "confers no liberty interest in freedom from state action taken 'within the sentence imposed.'" *Sandin v. Conner*, 515 U.S. 472, 480 (1995) (quoting *Hewitt v. Helms*, 459 U.S. 460, 468 (1983)). State-created liberty interests protected by the Due Process Clause are generally limited to restraints on prisoners that impose an "'atypical and significant hardship on the inmate in relation to the

> ordinary incidents of prison life.'" *Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997) (quoting *Sandin*, 515 U.S. at 484).
>
> In deciding whether a protected liberty interest exists under *Sandin*, a federal court must consider the duration of the disciplinary confinement and the conditions of that confinement in relation to other prison conditions. *Mitchell v. Horn*, 318 F.3d 523, 532 (3d Cir. 2003) (citing *Shoats v. Horn*, 213 F.3d 140, 144 (3d Cir. 2000)). The nature of the test is fact specific. *See Shoats*, 213 F.3d at 144 (eight years in administrative confinement, during which inmate was locked in his cell for all but two hours per week, denied contact with his family, and prohibited from visiting the library or "participating in any education, vocational, or other organization activities," implicated a protected liberty interest); *Smith v. Mensinger*, 293 F.3d 641, 645, 654 (3d Cir. 2002) (seven months in disciplinary confinement did not implicate a liberty interest); *Torres v. Fauver*, 292 F.3d 141, 151-52 (3d Cir. 2002) (disciplinary detention for fifteen days and administrative segregation for 120 days was not atypical treatment in New Jersey prisons and therefore did not implicate a protected liberty interest).
>
> Here, Plaintiff has not elaborated on what consequence, if any, resulted from the August 2023 disciplinary report. To the extent that he is challenging pending charges, it is unclear if he means criminal charges being brought against him in federal or state court proceedings, or disciplinary charges. If the former, a [Section] 1983 suit is not the appropriate vehicle to challenge any such charges; if the latter, and the charges are still pending, this suit is premature.

(D.I. 13 at 3-4)

In the FAC, Plaintiff did further elaborate on the unanswered questions that were referenced in the Memorandum Opinion. He stated that he was challenging disciplinary charges that had since been resolved against him, and he listed the consequences he suffered as a result of that disciplinary process as follows: (1) being "taken out of general population[ and] housed in the segregation unit"; (2) being "kicked out of school"; (3) "los[ing] 90 days good time [credit]"; and (4) losing "a job that paid monthly which allowed [him] to earn 10 days of good time [credit] a month." (D.I. 15 at 7)

3

## II.   STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief."  *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (internal quotation marks and citations omitted), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (civil actions filed by prisoners seeking redress from governmental entities or government officers and employees).  The Court must accept all factual allegations in a complaint as true and view them in the light most favorable to a *pro se* plaintiff.  *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).  Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).

A complaint is not automatically frivolous because it fails to state a claim.  *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020).  Rather, a claim is deemed frivolous only where it relies on an "indisputably meritless legal theory or a clearly baseless or fantastic or delusional factual scenario."  *Id.* (internal quotation marks and citations omitted).

The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) is identical to the legal standard used when ruling on motions filed pursuant to Federal Rule of Civil Procedure 12(b)(6).  *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of

28 U.S.C. §§ 1915 and 1915A, however, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show[]" entitlement to relief. *Iqbal*, 556 U.S. at 677-78 (quoting Fed. R. Civ. P. 8(a)(2)). Determining whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### III.  DISCUSSION

The Court recommends that the FAC be dismissed, as in it, Plaintiff has not set out a protectable liberty interest of which he was deprived that can be pursued via this litigation. Below, the Court will address in turn the various harms Plaintiff has reported suffering due to the

outcome of the disciplinary process against him—and will explain why each does not qualify as a protectable liberty interest.

First, being "kicked out of school" or otherwise losing privileges in a prison educational program would not qualify.  (D.I. 15 at 7)  A prison inmate has no state-created liberty interest that entitles him to participation in favorable prison programs, including educational classes.  *See Clark v. Coupe*, C.A. No. 14-763 SLR, 2015 WL 4477698, at *4 (D. Del. July 22, 2015), *aff'd*, 632 F. App'x 85 (3d Cir. 2016); *Santos v. Hutto*, No. 2:09-CV-135-TMH [WO], 2009 WL 1405518, at *3 (M.D. Ala. May 19, 2009); *Peralta v. Martel*, No. CIV S-08-530 MCE KJM P., 2008 WL 2169518, at *2 (E.D. Cal. May 23, 2008) (citing cases).

Next, the fact that Plaintiff lost "90 days good time [credit]" or stood to lose an additional "10 days of good time [credit] a month" cannot suffice to permit this case to move forward. (D.I. 15 at 7)  To the extent that these allegations can be read as a challenge regarding good time credits that Plaintiff has *not yet earned*, prisoners do not have a protected liberty interest in such credits.  *See Monroe v. Bryan*, 487 F. App'x 19, 21 (3d Cir. 2012) (holding that the loss of eligibility to earn good time credits is too attenuated to amount to a protected liberty interest absent the loss of any previously earned credits); *see also Shivers v. Hollingsworth*, Civil Action No. 22-603-RGA, 2023 WL 4265611, at *4 (D. Del. June 29, 2023).  To the extent that Plaintiff is here challenging the loss of good time credits he *already earned*, Plaintiff does have a liberty interest in retaining such credits, *see, e.g.*, *Burns v. Pa Dep't of Corr.*, 642 F.3d 163, 171-72 (3d Cir. 2011), but any such claim must be pursued in a *habeas* action, not this action, since loss of good time credits earned impacts the duration of Plaintiff's confinement, *see Morrison v. Rochlin*, 778 F. App'x 151, 154 (3d Cir. 2019) (per curiam) (citing *Edwards v. Balisok*, 520 U.S. 641, 643-44, 646 (1997)); *see also Shivers*, 2023 WL 4265611, at *4.

Additionally, losing "a job that paid monthly" could not implicate a cognizable liberty interest. (D.I. 15 at 7) Inmates do not have a liberty interest in keeping any particular type of prison employment. *James v. Quinlan,* 866 F.2d 627, 629-30 (3d Cir. 1989); *Wilson v. Taylor*, 466 F. Supp. 2d 567, 571 (D. Del. 2006).

Lastly, the fact that Plaintiff was "taken out of general population[ and] housed in the segregation unit" would also not qualify, (D.I. 15 at 7), at least not on the pleaded facts. The FAC suggests that Plaintiff was still housed in segregation as of July 2024—i.e., approximately 11 months after his disciplinary hearing. (*Id*. at 8 (Plaintiff noting that he wanted to "get back in general population")). But the United States Court of Appeals for the Third Circuit has held that a state prisoner's confinement in administrative segregation for 15 months did not impose an atypical and significant hardship on the prisoner, such that it did not deprive him of a state-created liberty interest. *See Griffin v. Vaughn*, 112 F.3d 703, 706-09 (3d Cir. 1997); *see also Woods v. Metzger*, Civ. No. CV 20-086-LPS, 2020 WL 3207611, at *4 (D. Del. June 15, 2020). And so, at the time of the FAC's filing—and even assuming Plaintiff then remained in segregation as a result of the disciplinary hearing—he would not have had cognizable claim here. That said, it has been some time since the FAC was filed. And were Plaintiff's time in segregation to have continued for a lengthy further period (depending on the amount of time in question, and other circumstances of confinement), that might impact the liberty interest analysis. *See Deen-Mitchell v. Lappin*, 514 F. App'x 81, 85 (3d Cir. 2013); *Ali v. Dupont*, Civil Action No. 18-665, 2019 WL 2647463, at *13 (W.D. Pa. June 27, 2019). The Court thus recommends that Plaintiff be permitted one further opportunity to amend to address this issue.

**IV.    CONCLUSION**

For the foregoing reasons, the Court recommends that the FAC be dismissed, and that Plaintiff be permitted leave to amend one final time so as to address the length of any time spent in the segregation unit resulting from any discipline he received.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1.  Parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2).  The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court.  *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

Parties are directed to the Court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the District Court's website, located at http://www.ded.uscourts.gov.

Dated:  May 15, 2025

*Christopher J. Burke*
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE