IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GARY D. PERKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 23-1086 (JLH) |
| | ) |
| LT. ROBERT HEISHMAN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM ORDER**

Plaintiff Gary D. Perkins, currently housed at James T. Vaughn Correctional Center (JTVCC) in Smyrna, Delaware on a state criminal conviction and sentence, filed an objection *pro se* (D.I. 23) to the Report and Recommendation of Magistrate Judge Christopher J. Burke (D.I. 22). Upon review and consideration, the Court will adopt Judge Burke's Report and Recommendation over Plaintiff's objection.

Judge Burke screened Plaintiff's amended complaint, under 28 U.S.C. § 1915(e)(2) and 1915A(b). (D.I. 15.) Judge Burke concluded that the amended complaint failed to allege "a protectable liberty interest of which [Plaintiff] was deprived that can be pursued via this litigation." (D.I. 22 at 5.) Judge Burke recommended dismissing the amended complaint and permitting Plaintiff one final opportunity to amend "so as to address the length of any time spent in the segregation unit resulting from any discipline he received." (*Id.* at 8.)

This Court agrees with Judge Burke's assessment. A cognizable liberty interest is not implicated by a loss of privileges in a prison educational program, a particular type of prison employment, or good time credits not yet earned. (*See id.* at 6-7 (discussion).) Additionally, loss of good time credits already earned must be pursued in a *habeas* action, and not a § 1983 action. (*See id.*) Furthermore, while time spent in administrative segregation can implicate a liberty

Case 1:23-cv-01086-JLH    Document 30    Filed 10/10/25    Page 2 of 2 PageID #: 99

interest "depending on the amount of time in question, and other circumstances of confinement," additional information about Plaintiff's segregation is needed for the Court to reasonably infer a plausible deprivation of a liberty interest. (*Id.* at 7.)

In his objections to the Report and Recommendation, Plaintiff asserts that the amended complaint presents the same, or similar, facts as those presented in *Melnik v. Dzurenda*, 14 F.4th 981 (9th Cir. 2021), a § 1983 suit brought by a state inmate in Nevada. (*See* D.I. 23 at 2.) But this Court is in the Third Circuit, so *Melnik* is not binding precedent. And, as the Report and Recommendation explained, whether administrative segregation implicates a liberty interest in the Third Circuit depends on the amount of time in question, and other circumstances of confinement.

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's objections (D.I. 23) are OVERRULED, and the Report and Recommendation of Magistrate Judge Christopher J. Burke (D.I. 22) is ADOPTED.

IT IS FURTHER ORDERED that Plaintiff's amended complaint (D.I. 15) is DISMISSED without prejudice.

IT IS FINALLY ORDERED that Plaintiff is GRANTED leave to file a second amended complaint on or before November 10, 2025. A second amended complaint must provide more information regarding the length of time Plaintiff spent in the segregation unit, and any other circumstances of confinement that implicate a liberty interest. A second amended complaint cannot raise any new claims. Filing a second amended complaint that does not comply with this Order may result in dismissal with prejudice. Alternatively, failure to file a second amended complaint will result in case closure.

Dated: October 10, 2025

_____
The Honorable Jennifer L. Hall
United States District Judge

2